IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY DETROY MITCHELL, TDCJ-CID NO. 1625770, <br><br>Petitioner,<br><br>v.<br><br>RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division,<br><br>Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-13-1327 |

**MEMORANDUM OPINION AND ORDER**

Billy Detroy Mitchell (TDCJ No. 1625770) is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division pursuant to a state court judgment. Mitchell has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a state court conviction while a state post-conviction application for a writ of habeas corpus, challenging the same conviction, is currently pending. For reasons explained more fully below, this case will be dismissed for failure to exhaust state court remedies.

**I.   Procedural History**

Mitchell is serving a 20-year sentence pursuant to a state court conviction for burglary of a vehicle, enhanced by two prior convictions. State v. Mitchell, No. 1227227 (179th Dist. Ct.,

Harris County, Tex., Feb. 10, 2010). He states that his conviction was affirmed and that the Texas Court of Criminal Appeals refused his petition for discretionary review (PDR) on May 9, 2012 (Docket Entry No. 1, p. 2). Mitchell denies filing a Petition for a Writ of Certiorari. Id. at 3. Mitchell states that he filed a state application for a writ of habeas corpus, pursuant to Article 11.07 of Texas Code of Criminal Procedure, on March 6, 2013. Id. He further states that no number has been assigned to the state habeas application although the state court acknowledged receipt of the application. Id. at 6.

## II. Analysis

This court verified that the Court of Appeals for the First District of Texas affirmed Mitchell's criminal judgment and sentence on April 21, 2011, and that the PDR was refused on May 9, 2012. Mitchell v. State, No. 01-10-00094-CR; 2011 WL 1587415 (Tex. App. - Hous. [1st Dist.] 2011, pet. ref'd). Although Mitchell states that he filed a state application for a writ of habeas corpus with the district court, there is no record of a state habeas application, pending or closed, at the Texas Court of Criminal Appeals. See Website for Texas Court of Criminal Appeals: http://www.cca.courts.state.tx.us/. However, this court verified by telephone that a state habeas application challenging Mitchell's burglary of a vehicle conviction was filed in the Harris County District Clerk's Office on March 6, 2013, and is currently under consideration in the state district court.

Under 28 U.S.C. § 2254(b), a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). See also Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009) ("Before pursuing federal habeas relief, a petitioner is required to exhaust all state procedures for relief.") citing Orman v. Cain, 228 F.3d 616, 619-20 (5th Cir. 2000). To exhaust his state remedies the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state. Nobles, at 420, citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). The exhaustion requirement is based on the precept of comity. Coleman v. Thompson, 111 S.Ct. 2546, 2555 (1991). Federal courts follow this principle to afford the state courts the first opportunity "to address and correct alleged violations of state prisoner's federal rights." Id. Therefore, a habeas petitioner must go through the state court system before presenting his constitutional claims in a federal petition. See Rhines v. Weber, 128 S.Ct. 1528, 1533 (2005).

Regardless of whether the claims are identical to those presented in the current state application or have been previously rejected on PDR, this court should not adjudicate a federal writ application while any habeas claims are under review by the state courts. See Deters v. Collins, 985 F.2d 789, 797 (5th Cir. 1993)

("Because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process."); see also Williams v. Bailey, 463 F.2d 247, 248 (5th Cir. 1972) ("federal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids"). Mitchell must wait until the state courts issue a decision. He cannot circumvent the state system and seek relief in federal court without allowing the state courts an opportunity to rule on his claims. See Graham v. Collins, 94 F.3d 958, 969 (5th Cir. 1996); Deters, 985 F.2d at 792-794. See also Bryant v. Bailey, 464 F.2d 560, 561 (5th Cir. 1972). If a federal habeas petition is filed while state remedies are still being pursued, a federal court has the authority to dismiss the federal petition. Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

Should Mitchell file a notice of appeal, the court denies the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998); Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

### III. Conclusion

1. The Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice** for failure to exhaust state court remedies.

2. A Certificate of Appealability is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and will provide a copy of the Petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 9th day of May, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE